| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | NOT FOR PUBLICATION |
| ------------------------------------------------------------------x<br>In re:<br><br>MICHELLE LEW,<br>　　　　　　　　　　Debtor. | Chapter 7<br>Case No. 11-10346 (ALG) |
| ------------------------------------------------------------------x<br>A.M. HOCHSTADT,<br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>MICHELLE LEW,<br>　　　　　　　　　　Defendant.<br>------------------------------------------------------------------x | Adv. Pro. No. 11-02404 (ALG) |

## MEMORANDUM OF OPINION

A P P E A R A N C E S:

A.M. Hochstadt, *pro se*

JACQUELINE G. TORCHIN, P.C.
*Attorneys for Defendant*
　By:　Jacqueline G. Torchin, Esq.
37-08 28th Avenue, Suite 201
Astoria, New York 11103

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

### Introduction

Before the Court is a motion for summary judgment filed by plaintiff A.M. Hochstadt ("Hochstadt"). Hochstadt asserts that a Florida state court judgment rendered in his favor against defendant and debtor Michelle Lew ("Lew" or "Debtor") is non-dischargeable. In his complaint, docketed July 14, 2011 (the "Complaint") [Dkt. No. 1], Hochstadt's principal contention is that the Debtor's chapter 7 discharge should not extend to the judgment because the judgment was

based on the Debtor's "actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A). Lew opposes the motion and asserts that there are genuine issues of material fact requiring a trial.

In his papers, Hochstadt, appearing *pro se*, makes numerous assertions regarding the facts that are unsupported by admissible evidence. The Debtor has disputed Hochstadt's description of events in general, and for purposes of this summary judgment motion, the facts must be construed in the light most favorable to Lew, the non-moving party. *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998). The admissible facts do not establish that Hochstadt is entitled to summary judgment. Most important, the motion is grounded on Hochstadt's contention that the Florida Judgment is preclusive and entitles him to a determination of nondischargeability. Although the facts of record on this motion regarding the Florida Judgment are documentary and not subject to material dispute, they are inadequate to establish that Hochstadt's debt is non-dischargeable. Accordingly, the motion for summary judgment is denied.

## Background

Hochstadt's relationship with Lew apparently began in 1995. The Hochstadt Affidavit (Exhibit 1 to *Plaintiff's Reply to Affirmation in Opposition Filed by Debtor and in Support of Plaintiff's Motion to Bar Debtor's Discharge of a Debt* [Dkt. No. 6]) states that Hochstadt subleased his rent-regulated Manhattan apartment at 400 E. 55th Street (the "Apartment") to Lew and that Lew was to pay the rent to Hochstadt and vacate the Apartment before the time came to renew the primary lease, approximately two and a half years later. *Id.* ¶¶ 1-3. It also asserts that Lew stopped paying Hochstadt, began paying rent directly to the primary landlord, and did not vacate in a timely manner. *Id.* ¶ 5. On September 22, 1997, it appears that the primary landlord obtained a judgment of possession in a holdover action both against Hochstadt and Lew in New York City Civil Court. *Affirmation in Opposition*, Exh. C [Dkt. No. 5], attaching the New York

2

judgment. Hochstadt asserts that Lew has lived in the Apartment ever since. *Motion for Summary Judgment* 5-6 [Dkt. No. 9].

More material to the instant motion, on March 17, 1997, Hochstadt filed a complaint (the "Florida Complaint") against Lew in Florida state court. *See Affirmation in Opposition*, Exh. B, attaching a printout of the docket entries in the Florida proceeding (the "Florida Docket"). The Florida Docket indicates that Hochstadt was the plaintiff and Lew the defendant in an action sounding in "contract and debt." *Florida Docket* 1. Lew's answer to the Florida Complaint was filed April 14, 1997. *Id.* at 2-3. Over the following several weeks, the Florida Docket shows, Hochstadt filed multiple discovery requests and motions for summary judgment. Several hearings were noticed. *Id.* at 3-4. In an order entered on May 28, 1997, the Florida court granted Hochstadt's motion to compel discovery and ordered Lew's answer stricken unless she complied within ten days. *Id.* at 4-5. On June 17, 1997, Hochstadt filed motions for contempt, final default judgment, and to set a trial for damages. *Id.* at 5. The Florida court granted the default and scheduled a trial on damages, but denied the motion for contempt. *Id.* at 6. The Florida court entered partial final judgment on July 9, 1997; the Florida Docket text is as follows:

> PLTF'S MOTION FOR PARTIAL FINAL JUDGMENT ON COUNTS III AND IV IS GRANTED. JGMT IS ENTERED IN FAVOR OF PLTF AND AGAINST DEFT ON COUNT III FOR THE SUM OF $540, FOR WHICH LET EXECUTION ISSUE. THIS COURT RESERVED JURISDICTION TO DETERMINE THE AMOUNT OF DAMAGES ON COUNT II. DTD 7/9/97. JTC *****CASE STILL PENDING*****

*Id.* at 7.

Lew wrote a letter to the Clerk of Court dated June 6, 1997, before the discovery sanctions took effect, and it was docketed June 16, 1997. The Florida Docket does not describe its contents or any response. *Id.* at 5. Lew also sent a letter to the Florida judge, filed on August

3

4, 1997, but the Docket Sheet likewise does not indicate the contents or any response from the Florida court. *Id.* at 7-8.

Finally, the Docket Sheet notes that the state court entered final judgment (the "Florida Judgment") against Lew on August 18, 1997 for $46,530, and that the case was "disposed by default" on August 19, 1997. *Id.* at 8; *see Affirmation in Opposition*, Exh. A, attaching the Florida Judgment. The Florida Judgment reads, in its entirety:

> This action was tried before the Court. On evidence presented IT IS ADJUDGED that:
>
> 1. This Court has jurisdiction.
>
> 2. On July 3, 1997 this Court entered Judgment in favor of Plaintiff, A.M. Hochstadt and against Defendant Michelle Lew on Count I of the complaint for breach of contract in the sum of $5,990.00.
>
> 3. On July 9, 1997 this Court entered Judgment in favor of Plaintiff, A.M. Hochstadt and against Defendant Michelle Lew on Count III of the complaint for breach of contract in the sum of $540.00
>
> 4. On the remaining Counts for fraud & misrepresentation and tort this Court finds in favor of Plaintiff, A.M. Hochstadt and against Defendant Michelle Lew in the sum of $40,000.
>
> 5. The total amount of the Final Judgment in favor of A.M. Hochstadt and against Michelle Lew is $46,530.00 together with interest at the statutory rate until paid, for which let execution issue.
>
> ORDERED at West Palm Beach, Florida on August 18, 1997.

No records from the Florida proceeding have been produced except for the Florida Judgment and the Florida Docket.

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 31, 2011, scheduling Hochstadt as her only creditor. [Dkt. No. 1, Case No. 11-10346 (ALG)]. On April 29, 2011, Hochstadt moved to dismiss the case for cause pursuant to § 707(a),

contending that Lew had filed in bad faith. [Dkt. No. 8, Case No. 11-10346 (ALG)].[1] He asserted, among other things, that Lew had failed to make any payments on the Florida Judgment despite adding significant amounts to her IRA and 401(k) accounts after its entry, and that she failed to schedule her lease to the Apartment as an asset. *Id.*

At a hearing on May 24, 2011, Hochstadt asked the Court for more time to commence a non-dischargeability action. The Court inquired into the Florida Judgment and urged Hochstadt to retain a lawyer, granting him sixty days to file an appropriate complaint. It was also determined that the motion to dismiss would be held in abeyance pending a decision on nondischargeability, if Hochstadt pursued one.

Hochstadt filed the Complaint in this adversary proceeding on July 14, 2011. The Complaint alleges that Lew's debt for the Florida Judgment should be non-dischargeable under §§ 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code. Hochstadt asserts in his motion for summary judgment that the Florida Judgment is entitled to preclusive effect in that the judgment establishes facts sufficient to permit the Court to make a finding of nondischargeability. *Motion for Summary Judgment* 5-6. Hochstadt's § 523(a)(2)(A) claims are dealt with below. His claims under § 523(a)(4) are wholly unsupported on this motion or in his Complaint.[2] While the record contains enough facts for a summary judgment analysis on the § 523(a)(2) issue, it is completely devoid of evidence that Lew ever owed Hochstadt a fiduciary duty or that she committed embezzlement or larceny. To the extent that Hochstadt seeks summary judgment under § 523(a)(4), the motion is denied.

---

[1] Hochstadt supplemented his motion to dismiss with § 707(b) claims for abusive filing on June 13, 2011 [Dkt. No. 13, Case No. 11-10346 (ALG)], but he did not schedule the motion for a hearing.

[2] Section 523(a)(4) denies a discharge of "any debt… for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

**Discussion**

**A.    Legal Standard**

Summary judgment under Rule 56, made applicable by Bankruptcy Rule 7056, is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of producing admissible evidence to show the absence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once there is such a showing, the opposing party must produce specific evidence that raises a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002), citing *Matsushita*, 475 U.S. at 587. "Summary judgment is improper if there is any evidence in the record that could reasonably support a…verdict for the non-moving party." *Id.*

**B.    Nondischargeability**

"The statutory provisions governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge certain categories of debts." *Grogan v. Garner*, 498 U.S. 279, 287 (1991). A court must construe these exceptions liberally in the debtor's favor. *See Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998); *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996). The narrowness of the inquiry and the kinds of debts to be denied discharge "suggest that the exceptions to discharge should be limited to dishonest debtors seeking to abuse the bankruptcy system in order to evade the consequences of their misconduct." *Sherman v. SEC (In re Sherman)*, 658 F.3d 1009, 1016 (9th Cir. 2011).

Section 523(a)(2)(A) excepts from a bankruptcy discharge "any debt…for money property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, a false representation, or actual fraud…." 11 U.S.C. § 523(a)(2)(A). The three alternative bases of nondischargeability under § 523(a)(2)(A), although grouped together, represent different concepts. *Lubit v. Chase (In re Chase)*, 372 B.R. 125, 128 (Bankr. S.D.N.Y. 2007). To establish "false pretenses," a plaintiff must show either conduct or an implied misrepresentation by the debtor that was intended to defraud a creditor into turning over money or property. *Sandak v. Dobrayel (In re Dobrayel)*, 287 B.R. 3, 12 (Bankr. S.D.N.Y. 2002). Proving a "false representation" requires evidence of a false or misleading statement made with intent to defraud and justifiable reliance by a creditor. *In re Chase*, 372 B.R. at 129. Proof of "actual fraud" rests on the "five fingers of fraud," that is, proof that the debtor (1) made a false representation (2) while knowing it was false (3) with the intent to deceive the creditor; plus the creditor (4) justifiably relied on the misrepresentation; and (5) suffered pecuniary damages as a result. *Field v. Mans*, 516 U.S. 59, 70-71 (1995) (holding that the definition of fraud in the Restatement (Second) of Torts (1976) governs § 523(a)(2)(A)). Nondischargeability for "actual fraud" requires evidence of positive fraud, not merely fraud implied by law without a showing of bad faith, dishonesty, or immorality. 124 Cong. Rec. 32,399 (statement of Rep. Edwards) (1978); *id.* at 33,998 (statement of Sen. DeConcini). Nondischargeability under § 523 must be proven by a preponderance of the evidence. *Grogan*, 498 U.S. at 291.

Hochstadt directs most of his energy in his motion to the argument that the Florida Judgment should have preclusive effect on the issue of fraud, a point that he wins in the abstract. It is well settled that a state court judgment must be given collateral estoppel or res judicata effect in a subsequent proceeding if the courts of the rendering state would do so. 28 U.S.C. §

7

1738 (2006); *Grogan*, 498 U.S. at 284 n.11. Under Florida law, default judgments are entitled to preclusive effect, but to successfully assert the collateral estoppel effect of a prior judicial determination, a party must show that "the parties and issues [are] identical, and that the particular matter [has been] fully litigated and determined in a contest which result[ed] in a final decision of a court of competent jurisdiction." *Dep't of Health Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 910 (Fla. 1995) (citation omitted); *Masciarelli v. Maco Supply Corp.*, 224 So. 2d 329, 329 (Fla. 1969) (default judgment entitled to collateral estoppel effect). Nevertheless, whether facts entitled to preclusive effect prove an exception to dischargeability is a question exclusively within the province of the bankruptcy court. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993).

Thus, a finding of fraud in a state court judgment may be sufficient to prove "actual fraud," but the record must establish that the state court decided that issue. *See, e.g.*, *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798 (9th Cir. 1995); *In re St. Laurent*, 991 F.2d 672; *Wharton v. Shiver (In re Shiver)*, 396 B.R. 110 (Bankr. S.D.N.Y. 2008); *McCulloch v. Smith (In re Smith)*, 381 B.R. 398 (Bankr. M.D. Fla. 2007). For example, the court in *In re Smith*, 381 B.R. at 400-01, initially refused to give collateral estoppel effect to a Florida fraud judgment where the creditor had not provided (i) any state court papers to show that the issues actually and necessarily litigated previously were identical to the dischargeability issues, and (ii) the "factual findings that established all of the elements of the Plaintiff's claims under § 523(a)."

The record in the instant case lacks any clarity. The pertinent portion of the Florida Judgment states, "On the remaining Counts for fraud & misrepresentation and tort this Court finds in favor of Plaintiff, A.M. Hochstadt and against Defendant Michelle Lew in the sum of $40,000." *Affirmation in Opposition*, Exh. A. There are no separate findings of fact or

8

conclusions of law, and no state court pleadings have been entered into evidence. In fact, the Docket Sheet records the action as one for "contract and debt," calling into question exactly what was asserted in the Florida Complaint.

For the Florida Judgment to have preclusive effect here, the Florida court must have determined that Lew was guilty of "false pretenses, a false representation, or actual fraud" within the meaning of § 523(a)(2)(A). The Florida Judgment, however, recites multiple, independently adequate grounds and awards general damages, and it is impossible to decipher which factual or legal issues were actually and necessarily determined. *See Halpern v. Schwartz*, 426 F.2d 102, 104-05 (2d Cir. 1970); *In re St. Laurent*, 991 F.2d at 676; *Restatement (Second) of Judgments* § 27 cmt. i (1982). The situation was similar in *Halpern*, a non-dischargeability case under the prior Bankruptcy Act. There, the plaintiff asserted that a previous decision based on the debtor's fraud, constructive fraud, and preferential transfer was preclusive and sufficient to deny the debtor a discharge. The *Halpern* court examined the three grounds and held that only the first entailed a finding, necessary to deny discharge, of the debtor's "actual intent to hinder, delay, or defraud his creditors." *Halpern*, 426 F.2d at 104. Since the issue of actual fraudulent intent was not necessarily reached in the judgment, any purported determination of such intent was not conclusive in the later dischargeability litigation. *Id.* at 108.

In *Winters v. Lavine*, 574 F.2d 46, 67-68 (2d Cir. 1978), the Second Circuit limited the rule in the *Halpern* case, noting that the *Halpern* court had itself done so in its decision. Nevertheless, application of the *Halpern* rule appears to be appropriate here. First, like *Halpern*, the issue of preclusion arises in the context of a dischargeability proceeding. More important, the concern in *Halpern* was that "an issue not essential to the prior judgment may not have been afforded the careful deliberation and analysis normally applied to essential issues." *Halpern*, 426

F.2d at 105, quoted in *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir. 1977). As far as this record discloses, the Florida court did not give the question of "actual fraud" any deliberation or analysis in rendering its decision in connection with a damages inquest upon a default verdict.

Thus, the Florida papers do not, as Hochstadt asserts, establish "actual fraud" by Lew. The relevant portion of the Florida Judgment rests on "counts" in a complaint "for fraud & misrepresentation and tort" but does not show what type of misrepresentation the court relied on, fraudulent or negligent, or whether the Florida Complaint sounded in fraud rather than tort. Fraudulent misrepresentation requires only intent and not justifiable reliance, while "actual fraud" demands both. Conversely, negligent misrepresentation requires justifiable reliance but not intent. *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (distinguishing fraudulent misrepresentation from negligent misrepresentation). Likewise, general tort liability may be premised on either intentional or negligent conduct. Therefore, the conclusory recitation of "fraud & misrepresentation and tort" alone does not demonstrate that the prior judgment established that Lew was guilty of "actual fraud" under § 523(a)(2)(A).

Hochstadt's only attempt to prove the § 523(a)(2)(A) elements independently from the Florida Judgment comes from hearsay affidavits. Even if they were admissible, the affidavits do not include facts sufficient for a non-dischargeability determination. Genuine issues of material fact persist, including whether Lew's alleged representation that she would vacate the Apartment was made even though she knew it to be false and whether such representation was made with the specific intent to defraud Hochstadt.

## **Conclusion**

For the reasons set forth above, Hochstadt's motion for summary judgment is denied.

Debtor's counsel shall settle an order on three days' notice.

Dated: November 21, 2011
New York, New York

                                     */s/ Allan L. Gropper*
                                     UNITED STATES BANKRUPTCY JUDGE